LOWERRE *a*. VAIL.

*Supreme Court, Second District; Special Term, Sept.,* 1857.

COSTS.—NUMBER OF WITNESSES.

Where defendant subpœnaed seventeen witnesses upon an issue which had been previously found against him on a former trial of another action presenting the same issue, when he had examined twelve, but the court allowed him to examine five of the seventeen only,—*Held*, that he should be allowed to tax witness fees for all the seventeen.

Appeal from an adjustment of costs.

This action was brought by Samuel W. Lowerre, President of the Farmers' & Citizens' Bank of Long Island, against William Vail, sued as endorser of a promissory note. The note in suit was one of three discounted by the Bank, and a separate suit on each note was brought against the defendant; two of the suits by Lowerre as President, and the third by one Sanger, who was an endorser subsequent to Vail. The defence set up in each case was, that the endorsement was a forgery.

In the suit commenced by Sanger, which was first brought to trial, the defendant examined twelve witnesses to disprove the genuineness of the endorsement, but the jury found a verdict for the plaintiff. On the trial of the present action the defendant subpœnaed seventeen witnesses to disprove his signature to the note in suit, but was allowed by the presiding judge to call five of them only, the plaintiff examining but three witnesses to the same point. The defendant, however, introduced himself as a witness under section 399 of the Code as amended 1857. The jury found a verdict for the defendant.

On taxation of costs the defendant claimed and the clerk allowed witness' fees for the seventeen witnesses subpœnaed by the defendant. To this allowance the plaintiff objected, and now appealed from the adjustment made by the clerk.

*John M. Martin,* for the appellant.—I. What number of witnesses a prevailing party shall be allowed to tax costs for, is a question entirely in the *discretion* of the court, and *cannot be reviewed in the court above* (Brookshire v. Brookshire, 8 *Ired.,* 74; 11 *U. S. Dig.,* 478; *pl.* 107).

II. The justice on the trial of this action, in the exercise of his judicial discretion, *limited* the defendant to the examination of *five* witnesses besides himself, as he had a right to do (*Strobh.,* 296). This furnished a proper rule for the taxing officer.

III. A party to an action is bound to exercise a proper discretion as to the number of witnesses necessary to prove or disprove a fact; and he cannot call an unlimited number of witnesses and charge his opponent with the expense (West v. Shockley, 4 *Harring.,* 287). If he errs in calling more than the court thinks necessary, as in this case, he must pay the expense of his own mistake. This was held in a case where character was in question, and the party charged for forty witnesses and was allowed for ten (Irvin v. Deyo, 2 *Wend.,* 285). That case furnishes a good rule for decision in this one, as to principle and proportion. See also Bittingham v. Collins (4 *Harring.,* 298).

*M. L. Cobb* and *F. Larkin,* for the respondent.

BIRDSEYE, J.—The court may unquestionably exercise a discretion as to the number of witnesses for which a prevailing party shall be allowed to tax costs. The party is bound to exercise a proper discretion as to the number of witnesses necessary to prove or disprove a fact. He cannot call an unlimited number of witnesses, and charge the expense upon his opponent. If he err in calling more than the court deem necessary, he must bear the expenses of his own mistake.

But, unless there is a clear disparity between the end to be accomplished by the proof and the instruments for its accomplishment, I think the court should not interfere. Where forty witnesses to a question of character were compelled to attend,

and only two were sworn, the court properly interfered, and allowed the expense of ten only of the forty witnesses (Irwin *v.* Deyo, 2 *Wend.*, 285). The abuse there was manifest. I do not find the same abuse here.

The same issue had been previously tried, and found against the defendant. On that trial, he had been allowed to examine twelve witnesses. For this trial, he had seventeen in attendance—a number slightly greater than he had on the previous trial; but the increase was no greater than he had a right to expect he would be called upon to meet on the other side, for the litigation had been pressed with such vigor as to justify and require ample preparation for the defence. The limitation put by the presiding judge on the number of the witnesses to be examined was a departure from the course pursued by the court on the previous trial. Though quite proper, it could not have been anticipated by the defendant. It was not made till all the witnesses were subpœnaed, and in attendance, nor until the second day of the trial, and nearly or quite at the close of the plaintiff's case.

Under all the circumstances of the case, I do not find any evidence of unfair dealing or of a design to impose unnecessary expense upon the plaintiff. On the contrary, the presumption was rather that all this expense would have to be borne by the defendant, for the previous trial had resulted unfavorably to him.

As there has been no abuse of the discretion confided to the party, there seems to be no occasion for the interference of the court.

The clerk's adjustment is affirmed, with $7 costs of the motion to the defendant.